| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: |
| District of Delaware |
| Case number (*If known*): _____ Chapter 15 |

☐ Check if this is an
amended filing

## Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding    12/15

*If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).*

| | |
| --- | --- |
| 1. **Debtor's name** | Lighthouse Immersive USA Inc. |
| 2. **Debtor's unique identifier** | **For non-individual debtors:**<br><br>☑ Federal Employer Identification Number (EIN)   8 5 – 3 7 6 2 4 0 1<br><br>☐ Other _____ . Describe identifier _____ .<br><br>**For individual debtors:**<br><br>☐ Social Security number:   xxx – xx– ____ ____ ____ ____<br><br>☐ Individual Taxpayer Identification number (ITIN):  **9** xx – xx – ____ ____ ____ ____<br><br>☐ Other _____ . Describe identifier _____ . |
| 3. **Name of foreign representative(s)** | Lighthouse Immersive Inc. |
| 4. **Foreign proceeding in which appointment of the foreign representative(s) occurred** | Proceeding under the Companies' Creditors Arrangement Act, pending before the Superior Court, Commercial Division, in and for the Judicial District of Toronto, Canada (Court File No. CV-23-00703509-00CL) _____ |
| 5. **Nature of the foreign proceeding** | *Check one:*<br><br>☐ Foreign main proceeding<br>☐ Foreign nonmain proceeding<br>☑ Foreign main proceeding, or in the alternative foreign nonmain proceeding |
| 6. **Evidence of the foreign proceeding** | ☐ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.<br><br>☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.<br><br>☑ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.<br>A copy of the signed Initial Order entered in the CCAA proceeding is<br>attached.  A certified copy will be filed with the Court when available. |
| 7. **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?** | ☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)<br><br>☑ Yes |

Debtor  Lighthouse Immersive USA Inc.
        _____
        Name                                   Case number *(if known)*_____

---

**8. Others entitled to notice**    Attach a list containing the names and addresses of:

(i)    all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)   all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii)  all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

---

**9. Addresses**

**Country where the debtor has the center of its main interests:**

Canada
_____

**Debtor's registered office:**

640    Briar Hill Avenue
_____  _____
Number    Street

_____
P.O. Box

Toronto      Ontario          M5N 1N2
_____      _____        _____
City         State/Province/Region  ZIP/Postal Code

Canada
_____
Country

**Individual debtor's habitual residence:**

_____
Number    Street

_____
P.O. Box

_____
City       State/Province/Region  ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

640    Briar Hill Avenue
_____  _____
Number    Street

_____
P.O. Box

Toronto      Ontario          M5N 1N2
_____      _____        _____
City         State/Province/Region  ZIP/Postal Code

Canada
_____
Country

---

**10. Debtor's website** (URL)    https://lighthouseimmersive.com/

---

**11. Type of debtor**    *Check one:*

☑ Non-individual (*check one*):

   ☑ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

   ☐ Partnership

   ☐ Other.  Specify: _____

☐ Individual

---

Debtor   Lighthouse Immersive USA Inc.
         Name                                                    Case number (if known)_____

---

**12. Why is venue proper in *this district*?**

Check one:

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____.

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____.

---

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✖ /s/ Corey Ross
Signature of foreign representative

| Corey Ross, on behalf of Lighthouse Immersive Inc., in its capacity as foreign representative |
| Printed name |

Executed on    07/27/2023
              MM  / DD / YYYY

✖ _____
Signature of foreign representative          Printed name

Executed on    _____
              MM  / DD / YYYY

---

**14. Signature of attorney**

✖ /s/ Derek C. Abbott                    Date    07/27/2023
Signature of Attorney for foreign representative      MM    / DD / YYYY

Derek C. Abbott
Printed name

Morris Nichols Arsht & Tunnell LLP
Firm name

1201 North Market Street, 16th Floor
Number        Street

Wilmington                              DE          19801
City                                    State       ZIP Code

(302) 658-9200                          dabbott@morrisnichols.com
Contact phone                           Email address

3376                                    DE
Bar number                              State

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 15 |
| Lighthouse Immersive Inc., *et al.* | Case No. 23-_____ (    ) |
| Debtors in a Foreign Proceeding.[1] | Joint Administration Requested |

**CONSOLIDATED VERIFIED LIST
PURSUANT TO FED. R. BANKR. P. 1007(a)(4), 1008, AND 2002(q)**

Pursuant to Rules 1007(a)(4), 1008, and 2002(q), the attached list contains the names and addresses of the following:

(i)      all persons or bodies authorized to administer foreign proceedings of the Debtors;

(ii)     all parties to litigation pending in the United States in which each Debtor is a party at the time of filing of the petition, and

(iii)    all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

I declare under penalty of perjury under the laws of the United States of America that the information in the attached list is true and correct.

Dated: July 27, 2023

/s/ Corey Ross
Corey Ross
President
Lighthouse Immersive Inc. as Foreign
Representative for Lighthouse Immersive
Inc. and Lighthouse Immersive USA Inc.

---

[1]     The Debtors and the last four digits of its U.S. Federal Employer Identification Numbers or other unique identifier are as follows: Lighthouse Immersive Inc. (9411) (Ontario Corporation No.) and Lighthouse Immersive USA Inc. (2401) (FEIN).  The Debtors' mailing address is 640 Briar Hill Avenue, Toronto, Ontario, Canada, M5N 1N2.

**List of entities entitled to notice pursuant to Bankruptcy Rules 1007(a)(4) and 2002(q)**

**All persons or bodies authorized to administer foreign proceedings of the Debtors:**

The Foreign Representative's mailing address is:

Lighthouse Immersive Inc.

c/o Kyla Mahar and Gina Rhodes

Miller Thomson LLP
Scotia Plaza
40 King Street West, Suite 5800
P.O. Box 1011
Toronto, Ontario  M5H 3S1
Canada


The Monitor's mailing address is:

B. Riley Farber Inc.
ATTN: Alan Nackan and Hylton Levy
150 York Street, Suite 1600
Toronto, ON, Canada, M5H 3S5

**All parties to litigation pending in the United States in which either Debtor is a party at the time of filing of the petition.**

LHIM Productions, LLC

**All entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code**

Adam Tesyaev
1 Yonge Street
Toronto
Ontario,   M5E 2A3
Canada

Aird Berlis LLP
Brookfield Place
181 Bay St., Suite 18
Toronto
Ontario,   M5J 2T9
Canada

akg-images Ltd
42 Beulah Road, Unit 1
London,   SW19 3SB
England

Albert Asante
1201 N. Orange Street
Suite 762
Wilmington, DE  19801

Andrei Mazuruc
686 Mississauga Valley Blvd.
Mississauga,   L5A 1Z4
Canada

Anida N Chareunsouk
1201 N. Orange Street
Suite 762
Wilmington, DE  19801

Apply Stickers Inc.
90 Furman St.
Brooklyn, NY  11201

Arabelle Samaniego
1 Yonge Street
Toronto
Ontario,   M5E 2A3
Canada

Araca Merchandise LP
545 West 45th Street, 10th Flr
New York, NY  10036

Aryel Gullion
1201 N. Orange Street
Suite 762
Wilmington, DE  19801

Avalara
Dept CH 16781
Palantine, IL  60055

Banco de Mexico
Banco central en
Av. 5 de Mayo 2
Colonia Centro, Centro
Cuauhtémoc, Código
Alcaldía Ciudad de México,   06000
CDMX Mexico

Barclay Damon LLP
1201 N. Orange Street
Suite 762
Wilmington, DE  19801

Beth Zylski
1201 N. Orange Street
Suite 762
Wilmington, DE  19801

Beyond Digital Imaging
7 Esna Park Drive, Unit 12-14
Markham
Ontario,   L3R 6E7
Canada

Binworks Inc
31 White Spruce Crescent
Vaughn
Ontario,   L6A 4C6
Canada

Blok Music
334 Pacific Avenue
Toronto
Ontario,   M6P 2P9
Canada

Brand Blvd
261 Martindale Road, Unit 13
St. Catharines
Ontario,   L2W 1A2
Canada

Brian Illion Professional Corporation
14-33 Bay Street
Toronto
Ontario,   M5H 2S8
Canada

3

C. Derrick Chua
9100 Jane Street
Bldg A, Suite 208
Concord
Ontario,   L4K 0A4
Canada

Canaccord Genuity Corp
40 Temperance St, Ste 2100
Toronto
Ontario,   M5H 0B4
Canada

Canada Revenue Agency (Income Taxes)
4695 Blvd de Shawinigan-Sud
Shawinigan-Sud
Quebec,   G9N 6T5
Canada

Carol Fox and Associates, Inc.
1412 W. Belmont Ave.
Chicago, IL  60657

Checkr
1201 N. Orange Street
Suite 762
Wilmington, DE  19801

Christopher Badi Hougland
7902 Kara Court
Greenbelt, MD  20770

Claire Joven
1 Yonge Street
Toronto
Ontario,   M5E 2A3
Canada

Cloud Space Inc
73 Robert Berry Cresent
King City
Ontario,   L7B OM6
Canada

Co-op Cabs
130 Rivalda Rd,
Toronto
Ontario,   M9M 2M8
Canada

Corey Ross Productions Inc.
1 Yonge Street
Ontario,   M5E 2A3
Canada

Corey Ross Productions Inc.
1201 N. Orange Street
Suite 762
Wilmington, DE  19801

Daniel Swartz
1201 N. Orange Street
Suite 762
Wilmington, DE  19801

Demilo Films Inc
22 Thelma Avenue
Toronto
Ontario,   M4V 1X9
Canada

Dina E. Meyers
1201 N. Orange Street
Suite 762
Wilmington, DE  19801

Diversified Int'l Service Logistics
System Corp
1805 Rollins Road
Burlingame, CA  94010

Dvoretsky Holding Inc.
1 Yonge Street
Ontario,   M5E 2A3
Canada

Eamotion, LLC
235 Park Ave S Fl 9
New York, NY  10003

Eccentric Visions LLC
Visioni Eccentriche
Via Isidoro del Lungo
Rome,   26 - 00137
Italy

Flyspace Productions
2731 N. Charles Street
Pittsburgh, PA  15217

Fortis Consulting
300 Steelcase Rd. W, Unit 29
Markham
Ontario,   L3R 2W2
Canada

Harlon, LLC
603 S Saylor Ave
Elmhurst, IL  60126

4

HC Marketing
La Prada Place
Las Vegas, NV  89138

Herc Rentals
27500 Riverview Center Blvd
Bonita Springs, FL  34134

Herc Rentals Inc.
27500 Riverview Center Blvd
Suite 100
Bonita Springs, FL  34134

Higher Ground Rigging &
Metal Fabrication
1314 Lansdowne Ave.
Toronto
Ontario,   M6H 3Z8
Canada

HumanaCare
445 Apple Creek Blvd, Ste 202
Markham
Ontario,   L3R 9X7
Canada

Imex Customs Brokers
335 Airway Drive
Mississauga
Ontario,   L4V 1T3
Canada

Immersive Art Space LP
1201 N. Orange Street
Suite 762
Wilmington, DE  19801

c/o Travis S. Hunter
Impact Museums Inc.
Richards Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, DE  19801

Ingram Publisher Services LLC
4400 Harding Pike
Nashville, TN  37205

Intergroup Facility Services Inc.
16 Sims Cres., Unit 22
Richmond Hill
Ontario,   L4B 2P1
Canada

Joana Provido
33 Isabella St., #2108
Toronto
Ontario,   M4Y 2P7
Canada

Job Target
Dept CH 16743
Palatine, IL  60055-6743

JobTarget
600 Summer St 5th Floor
Stamford, CT  6901

John B. Caprio
1100 Grant Street
Unit 408
Denver, CO  80203

Kayla Kangas
61 Rowntree Ave  Toronto
Toronto,   M6N 1R8
Canada

Kuo-Cheng Lin
1 Yonge Street
Toronto
Ontario,   M5E 2A3
Canada

Lighthouse Immersive Studios Inc.
1 Yonge Street
Ontario,   M5E 2A3
Canada

Lighthouse Immersive Studios Inc.
1201 N. Orange Street
Suite 762
Wilmington, DE  19801

Lighthouse Immersive Studios USA Corp.
1 Yonge Street
Ontario,   M5E 2A3
Canada

Lighthouse Immersive Studios USA Corp.
1201 N. Orange Street
Suite 762
Wilmington, DE  19801

Lighthouse Magic Maze USA Inc.
1201 N. Orange Street
Suite 762
Wilmington, DE  19801

Lightspeed Retail
700 St-Antoine Est, #300
Montreal
Quebec,   H2Y 1A6
Canada

Lightspeed Retail
700 Rue Saint-Antoine Est
Suite 300
Montreal,   H2L 2P7
Canada

Linda Litwack
2 Flanders Road
Toronto
Ontario,   M6C 3K6
Canada

Maria Klos Padi
102-220 Lake Promenade
Etobicoke
Ontario,   M8W 1A9
Canada

Meta Platforms, Inc.
15161 Collections Center Drive
Chicago, IL  60693

Michael Nott
1201 N. Orange Street
Suite 762
Wilmington, DE  19801

Michael Zarathus-Cook
72 Vermont Ave, Apt B
Toronto
Ontario,   M6G 1X9
Canada

Microcosm
2752 North Williams Avenue
Portland, OR  97227

Move Solutions
2201 Chemsearch Boulevard
Dept DA
Irving, TX  75062

Natalia Holler
130 Columbus Avenue
Boston, MA  2116

Natasha Abramova
1 Yonge Street
Toronto
Ontario,   M5E 2A3
Canada

NYC & Company, Inc
810 7th Avenue 3rd Floor
New York, NY  10019

Ocean Stream Inc.
146 Thirtieth Street
Etobicoke,   M8W 3C4
Canada

Parker Sela
1201 N. Orange Street
Suite 762
Wilmington, DE  19801

Peder Pedersen
3506-181 Dundas Street E
Toronto,   M5A 0N5
Canada

Plexi-Craft Quality Products Corp.
200 Lexington Avenue
Suite 914
New York, NY  10016-9994

PRG
c/o LockBox 91766
PO Box 49 Stn A
Toronto
Ontario,   M5W E9
Canada

PricewaterhouseCoopers LLP
PwC Tower
18 York Street, Suite 2600
Toronto
Ontario,   M5J 0B2
Canada

Proskauer Rose LLP
Eleven Times Square
New York, NY  10036

Richard Vainio
462 Rhodes Avenue
Toronto,   M4L 3A5
Canada

Rita Russo
1105 Canyon View Road 106
Sagamore Hills, OH  44067

Rivers & Moorehead PLLC
398 S. Mill Avenue, Suite 307
Tempe, AZ  85281-2840

Royal Bank of Canada
36 York Mills Road, 4th Flr.
North York
Ontario,   M2P 2E9
Canada

Rumor Agency
1105 Canyon View Road 106
Sagamore Hills, OH  44067

Safety First Training
2425 Matheson Blvd E, 8th Flr
Mississauga
Ontario,   L4W 5K4
Canada

Sean Richards
1201 N. Orange Street
Suite 762
Wilmington, DE  19801

SFIR Consulting Ltd.
30 Ohr Menachem Way
Thornhill
Ontario,   L4J 8X7
Canada

SFIR Consulting Ltd.
30 Ohr Menachem Way
Vaughan,   L4J 8X7
Canada

Show One :Productions Inc.
1 Yonge Street
Ontario,   M5E 2A3
Canada

Silent Beats Events
5247 Marcel Cres.
Niagara Falls
Ontario,   L2E7M5
Canada

Simon Clemo
478 Salem Avenue N.
Toronto
Ontario,   M6H 3H1
Canada

Slava Z Holdco Inc.
1 Yonge Street
Ontario,   M5E 2A3
Canada

Sprout Social, Inc.
131 S Dearborn St., Ste 700
Chicago, IL  60603

Starvox Entertainment Inc.
1 Yonge Street
Ontario,   M5E 2A3
Canada

Starvox Entertainment Inc.
1201 N. Orange Street
Suite 762
Wilmington, DE  19801

Stosic & Associates Ltd.
385 Brunswick Ave, Ste 54
Toronto
Ontario,   M5R 3R1
Canada

Sunbelt Rentals, Inc.
PO Box 99257, Station Terminal
Vancouver,   V6B 0N5
British Columbia

Technology Humans and Taste LLC
120 Walker Street
Floor 2
New York, NY  10013

The Printing House (CAD)
1403 Bathurst Street
Toronto
Ontario,   M5R 3H8
Canada

The Sterling Law Office LLC
112 South Sangamon Street
Suite 101
Chicago, IL  60607

Tickx Limited
11 Leadenhall Street
London,   EC3V 1LP
England

Tuff Gong International Ltd.
220 Marcus Garvey Drive
Kingston 11,
Jamaica W.I.

twenty6two International Inc
320 Davenport Road, Unit 200
Toronto
Ontario,   M5R 1K6
Canada

U.S. Law Group
427 North Canon Drive Ste 206
Beverly Hills, CA  90210

Uline
12575 Uline Drive
Pleasant Prairie, WI  53158

UPS Supply Chain Solutions, Inc.
28013 Network Place
Chicago, IL  60673-1280

Vadim Korol
1201 N. Orange Street
Suite 762
Wilmington, DE  19801

Vyacheslav Zheleznyakov
1201 N. Orange Street
Suite 762
Wilmington, DE  19801

Waldman Hirsch and Company, LLP
3 Second Street
Suite 204
Jersey City, NJ  07311

William Thompson
1201 N. Orange Street
Suite 762
Wilmington, DE  19801

Wilson Sonsini Goodrich Rosati
PO Box 742866
Los Angeles, CA  90074-2866

Young Conaway Stargatt & Taylor, LLP
1000 North King Street
Wilmington, DE  19801

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 15 |
| Lighthouse Immersive Inc., *et al.* | Case No. 23-_____  (    ) |
| Debtors in a Foreign Proceeding.[1] | Joint Administration Requested |

### <u>CORPORATE OWNERSHIP STATEMENT</u>

The following corporate ownership statement is made pursuant to Rules 1007(a)(4) and 7007.1 of the Federal Rules of Bankruptcy Procedure:

- Corey Ross Productions Inc., Dvoretsky Holding Inc. and Slava Z HoldCo Inc. each directly own more than 10% of the equity interests of Lighthouse Immersive Inc.  No other corporation directly or indirectly owns more than 10% of the equity interests of Lighthouse Immersive Inc.

- Corey Ross Productions Inc., Dvoretsky Holding Inc. and Slava Z HoldCo Inc. each directly own more than 10% of the equity interests of Lighthouse Immersive Inc.  No other corporation directly or indirectly owns more than 10% of the equity interests of Lighthouse Immersive Inc.

---

[1]     The Debtors and the last four digits of its U.S. Federal Employer Identification Numbers or other unique identifier are as follows: Lighthouse Immersive Inc. (9411) (Ontario Corporation No.) and Lighthouse Immersive USA Inc. (2401) (FEIN).  The Debtors' mailing address is 640 Briar Hill Avenue, Toronto, Ontario, Canada, M5N 1.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 27, 2023

*/s/ Corey Ross*
Corey Ross
President
Lighthouse Immersive Inc. as Foreign
Representative for Lighthouse Immersive
Inc. and Lighthouse Immersive USA Inc.

Court File No. CV-00703509-00CL

**ONTARIO**

**SUPERIOR COURT OF JUSTICE**

**COMMERCIAL LIST**

| | | |
|---|---|---|
| THE HONOURABLE MADAM | **)** | THURSDAY, THE 27TH |
| | **)** | |
| JUSTICE KIMMEL | **)** | DAY OF JULY 2023 |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c.C-36 AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF LIGHTHOUSE IMMERSIVE INC. AND LIGHTHOUSE IMMERSIVE USA, INC. (the "**Applicants**")

**INITIAL ORDER**

**THIS APPLICATION**, made by the Applicants pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**") was heard this day via Zoom Videoconference.

**ON READING** the Affidavit of Corey Ross sworn July 27, 2023 and the Exhibits thereto (the "**Ross Affidavit**") and the pre-filing report of B. Riley Farber Inc., in its capacity as proposed Monitor of the Applicants ("**Monitor**") dated July 27, 2023, and on being advised that the secured creditors who are likely to be affected by the charges created herein were given notice, and on hearing the submissions of counsel for the Applicants and the wholly owned subsidiaries of the Applicants set out in Schedule "A" (the "**Subsidiaries**"), counsel for the Monitor and counsel for the DIP Lender (as defined below), no one else appearing although duly served as appears from the affidavit of service of Alina Stoica sworn on July 27, 2023, and on reading the consent of the Monitor:

**SERVICE**

1.     **THIS COURT ORDERS** that the time for service of the Notice of Application and the Application Record is hereby abridged and validated so that this Application is properly returnable today and hereby dispenses with further service thereof.

**APPLICATION**

2.     **THIS COURT ORDERS AND DECLARES** that the Applicants are companies to which the CCAA applies.

**POSSESSION OF PROPERTY AND OPERATIONS**

3.     **THIS COURT ORDERS** that the Applicants shall remain in possession and control of their current and future assets, undertakings and properties of every nature and kind whatsoever, and wherever situate including all proceeds thereof (the "**Property**").  Subject to further Order of this Court, the Applicants shall continue to carry on business in a manner consistent with the preservation of their businesses (the "**Business**") and Property. The Applicants are authorized and empowered to continue to retain and employ the employees, consultants, agents, experts, accountants, counsel and such other persons (collectively "**Assistants**") currently retained or employed by them, with liberty to retain such further Assistants as they deem reasonably necessary or desirable in the ordinary course of business or for the carrying out of the terms of this Order.

4.     **THIS COURT ORDERS** that the Applicants shall be entitled to continue to utilize the banking and cash management system currently in place as described in the Ross Affidavit or replace it with another substantially similar central cash management system (the "**Cash Management System**") and that any present or future bank providing the Cash Management

System shall not be under any obligation whatsoever to inquire into the propriety, validity or legality of any transfer, payment, collection or other action taken under the Cash Management System, or as to the use or application by the Applicants of funds transferred, paid, collected or otherwise dealt with in the Cash Management System, shall be entitled to provide the Cash Management System without any liability in respect thereof to any Person (as hereinafter defined) other than the Applicants, pursuant to the terms of the documentation applicable to the Cash Management System, and shall be, in its capacity as provider of the Cash Management System, an unaffected creditor under the Plan with regard to any claims or expenses it may suffer or incur in connection with the provision of the Cash Management System.

5.      **THIS COURT ORDERS** that the Applicants shall be entitled but not required to pay the following expenses, whether incurred prior to or after the date of this Order:

(a)      all outstanding and future wages, salaries, employee and pension benefits, vacation pay and expenses payable on or after the date of this Order, in each case incurred in the ordinary course of business and consistent with existing compensation policies and arrangements; and

(b)      the fees and disbursements of any Assistants retained or employed by the Applicants in respect of these proceedings, at their standard rates and charges.

6.      **THIS COURT ORDERS** that, except as otherwise provided to the contrary herein, the Applicants shall be entitled but not required to pay all reasonable expenses incurred by the Applicants in carrying on the Business in the ordinary course after this Order, and in carrying out the provisions of this Order, which expenses shall include, without limitation:

(a)     all expenses and capital expenditures reasonably necessary for the preservation of the Property or the Business including, without limitation, payments on account of insurance (including directors and officers insurance), maintenance and security services; and

(b)     payment for goods or services actually supplied to the Applicants following the date of this Order.

7.      **THIS COURT ORDERS** that the Applicants shall remit, in accordance with legal requirements, or pay:

(a)     any statutory deemed trust amounts in favour of the Crown in right of Canada or of any Province thereof or any other taxation authority which are required to be deducted from employees' wages, including, without limitation, amounts in respect of (i) employment insurance, (ii) Canada Pension Plan and (iii) income taxes;

(b)     all goods and services, or other applicable sales taxes (collectively, "**Sales Taxes**") required to be remitted by the Applicants in connection with the sale of goods and services by the Applicants, but only where such Sales Taxes are accrued or collected after the date of this Order, or where such Sales Taxes were accrued or collected prior to the date of this Order but not required to be remitted until on or after the date of this Order, and

(c)     any amount payable to the Crown in right of Canada or of any Province thereof or any political subdivision thereof or any other taxation authority in respect of municipal realty, municipal business or other taxes, assessments or levies of any nature or kind which are entitled at law to be paid in priority to claims of secured

creditors and which are attributable to or in respect of the carrying on of the Business by the Applicants.

8.      **THIS COURT ORDERS** that until a real property lease is disclaimed in accordance with the CCAA, the Applicants shall pay all amounts constituting rent or payable as rent under real property leases (including, for greater certainty, common area maintenance charges, utilities and realty taxes and any other amounts payable to the landlord(s) under the lease) or as otherwise may be negotiated between the Applicants and the landlord(s) from time to time ("**Rent**"), for the period commencing from and including the date of this Order, twice-monthly in equal payments on the first and fifteenth day of each month, in advance (but not in arrears).  On the date of the first of such payments, any Rent relating to the period commencing from and including the date of this Order shall also be paid.

9.      **THIS COURT ORDERS** that, except as specifically permitted herein, the Applicants are hereby directed, until further Order of this Court: (a) to make no payments of principal, interest thereon or otherwise on account of amounts owing by the Applicants to any of their creditors as of this date; (b) to grant no security interests, trust, liens, charges or encumbrances upon or in respect of any of their Property; and (c) to not grant credit or incur liabilities except in the ordinary course of the Business.

**RESTRUCTURING**

10.      **THIS COURT ORDERS** that the Applicants shall, subject to such requirements as are imposed by the CCAA and such covenants as may be contained in the Definitive Documents (as hereinafter defined), have the right to:

(a)  permanently or temporarily cease, downsize or shut down any of their business or operations, and to dispose of redundant or non-material assets not exceeding $250,000 in any one transaction or $1,500,000 in the aggregate; and

(b)  terminate the employment of such of their employees or temporarily lay off such of their employees as they deem appropriate;

all of the foregoing to permit the Applicants to proceed with an orderly restructuring of the Business (the "**Restructuring**").

**NO PROCEEDINGS AGAINST THE APPLICANTS OR THE PROPERTY**

11.  **THIS COURT ORDERS** that until and including August 6, 2023, or such later date as this Court may order (the "**Stay Period**"), no proceeding or enforcement process in any court or tribunal (each, a "**Proceeding**") shall be commenced or continued against or in respect of the Applicants or the Monitor, or affecting the Business or the Property, except with the written consent of the Applicants and the Monitor, or with leave of this Court, and any and all Proceedings currently under way against or in respect of the Applicants or affecting the Business or the Property are hereby stayed and suspended pending further Order of this Court.

**NO EXERCISE OF RIGHTS OR REMEDIES**

12.  **THIS COURT ORDERS** that during the Stay Period, all rights and remedies of any individual, firm, corporation, governmental body or agency, or any other entities (all of the foregoing, collectively being "**Persons**" and each being a "**Person**") against or in respect of the Applicants or the Monitor, or affecting the Business or the Property, are hereby stayed and suspended except with the written consent of the Applicants and the Monitor, or leave of this Court, provided that nothing in this Order shall (i) empower the Applicants to carry on any

business which the Applicants are not lawfully entitled to carry on, (ii) affect such investigations, actions, suits or proceedings by a regulatory body as are permitted by Section 11.1 of the CCAA, (iii) prevent the filing of any registration to preserve or perfect a security interest, or (iv) prevent the registration of a claim for lien.

**NO INTERFERENCE WITH RIGHTS**

13.    **THIS COURT ORDERS** that during the Stay Period, no Person shall discontinue, fail to honour, alter, interfere with, repudiate, terminate or cease to perform any right, renewal right, contract, agreement, lease, licence or permit in favour of or held by the Applicants, except with the written consent of the Applicants and the Monitor, or leave of this Court.

**CONTINUATION OF SERVICES**

14.    **THIS COURT ORDERS** that during the Stay Period, all Persons having oral or written agreements with the Applicants or statutory or regulatory mandates for the supply of goods and/or services, including without limitation all computer software, communication and other data services, centralized banking services, payroll services, insurance, transportation services, utility or other services to the Business or the Applicants, are hereby restrained until further Order of this Court from discontinuing, altering, interfering with or terminating the supply of such goods or services as may be required by the Applicants, and that the Applicants shall be entitled to the continued use of their current premises, telephone numbers, facsimile numbers, internet addresses and domain names, provided in each case that the normal prices or charges for all such goods or services received after the date of this Order are paid by the Applicants in accordance with normal payment practices of the Applicants or such other practices as may be

agreed upon by the supplier or service provider and each of the Applicants and the Monitor, or as may be ordered by this Court.

## NON-DEROGATION OF RIGHTS

15.    **THIS COURT ORDERS** that, notwithstanding anything else in this Order, no Person shall be prohibited from requiring immediate payment for goods, services, use of lease or licensed property or other valuable consideration provided on or after the date of this Order, nor shall any Person be under any obligation on or after the date of this Order to advance or re-advance any monies or otherwise extend any credit to the Applicants.  Nothing in this Order shall derogate from the rights conferred and obligations imposed by the CCAA.

## PROCEEDINGS AGAINST DIRECTORS AND OFFICERS

16.    **THIS COURT ORDERS** that during the Stay Period, and except as permitted by subsection 11.03(2) of the CCAA, no Proceeding may be commenced or continued against any of the former, current or future directors or officers of the Applicants with respect to any claim against the directors or officers that arose before the date hereof and that relates to any obligations of the Applicants whereby the directors or officers are alleged under any law to be liable in their capacity as directors or officers for the payment or performance of such obligations, until a compromise or arrangement in respect of the Applicants, if one is filed, is sanctioned by this Court or upon further order of this Court.

## DIRECTORS' AND OFFICERS' INDEMNIFICATION AND CHARGE

17.    **THIS COURT ORDERS** that the Applicants shall indemnify their directors and officers against obligations and liabilities that they may incur as directors or officers of the Applicants after the commencement of the within proceedings, except to the extent that, with respect to any

officer or director, the obligation or liability was incurred as a result of the director's or officer's gross negligence or wilful misconduct.

18.      **THIS COURT ORDERS** that the directors and officers of the Applicants shall be entitled to the benefit of and are hereby granted a charge (the "**Directors' Charge**") on the Property, which charge shall not exceed an aggregate amount of $250,000, as security for the indemnity provided in paragraph 19 of this Order.  The Directors' Charge shall have the priority set out in paragraphs 35 and 37 herein.

19.      **THIS COURT ORDERS** that, notwithstanding any language in any applicable insurance policy to the contrary, (a) no insurer shall be entitled to be subrogated to or claim the benefit of the Directors' Charge, and (b) the Applicants' directors and officers shall only be entitled to the benefit of the Directors' Charge to the extent that they do not have coverage under any directors' and officers' insurance policy, or to the extent that such coverage is insufficient to pay amounts indemnified in accordance with paragraph 18 of this Order.

**APPOINTMENT OF MONITOR**

20.      **THIS COURT ORDERS** that B. Riley Farber Inc. is hereby appointed pursuant to the CCAA as the Monitor, an officer of this Court, to monitor the business and financial affairs of the Applicants with the powers and obligations set out in the CCAA or set forth herein and that the Applicants and their respective shareholders, officers, directors, and Assistants shall advise the Monitor of all material steps taken by the Applicants pursuant to this Order, and shall co-operate fully with the Monitor in the exercise of its powers and discharge of its obligations and provide the Monitor with the assistance that is necessary to enable the Monitor to adequately carry out the Monitor's functions.

21.    **THIS COURT ORDERS** that the Monitor, in addition to its prescribed rights and obligations under the CCAA, is hereby directed and empowered to:

(a)    monitor the Applicants' receipts and disbursements;

(b)    report to this Court at such times and intervals as the Monitor may deem appropriate with respect to matters relating to the Property, the Business, and such other matters as may be relevant to the proceedings herein;

(c)    assist the Applicants, to the extent required by the Applicants, in their dissemination, to the DIP Lender and its counsel on a bi-weekly basis of financial and other information as agreed to between the Applicants and the DIP Lender which may be used in these proceedings including reporting on a basis to be agreed with the DIP Lender;

(d)    advise the Applicants in their preparation of the Applicants' cash flow statements and reporting required by the DIP Lender, which information shall be reviewed with the Monitor and delivered to the DIP Lender and its counsel on a periodic basis to the DIP Lender;

(e)    have full and complete access to the Property, including the premises, books, records, data, including data in electronic form, and other financial documents of the Applicants, to the extent that is necessary to adequately assess the Applicants' business and financial affairs or to perform its duties arising under this Order;

(f)    be at liberty to engage independent legal counsel or such other persons as the Monitor deems necessary or advisable respecting the exercise of its powers and performance of its obligations under this Order; and

(g)    perform such other duties as are required by this Order or by this Court from time to time.

22.    **THIS COURT ORDERS** that the Monitor shall not take possession of the Property and shall take no part whatsoever in the management or supervision of the management of the Business and shall not, by fulfilling its obligations hereunder, be deemed to have taken or maintained possession or control of the Business or Property, or any part thereof.

23.    **THIS COURT ORDERS** that nothing herein contained shall require the Monitor to occupy or to take control, care, charge, possession or management (separately and/or collectively, "**Possession**") of any of the Property that might be environmentally contaminated, might be a pollutant or a contaminant, or might cause or contribute to a spill, discharge, release or deposit of a substance contrary to any federal, provincial or other law respecting the protection, conservation, enhancement, remediation or rehabilitation of the environment or relating to the disposal of waste or other contamination including, without limitation, the *Canadian Environmental Protection Act*, the Ontario *Environmental Protection Act*, the *Ontario Water Resources Act*, or the Ontario *Occupational Health and Safety Act* and regulations thereunder (collectively, the "**Environmental Legislation**"), provided however that nothing herein shall exempt the Monitor from any duty to report or make disclosure imposed by applicable Environmental Legislation.  The Monitor shall not, as a result of this Order or anything done in pursuance of the Monitor's duties and powers under this Order, be deemed to be in Possession of any of the Property within the meaning of any Environmental Legislation, unless it is actually in possession.

24.    **THIS COURT ORDERS** that that the Monitor shall provide any creditor of the Applicants and the DIP Lender with information provided by the Applicants in response to

reasonable requests for information made in writing by such creditor addressed to the Monitor. The Monitor shall not have any responsibility or liability with respect to the information disseminated by it pursuant to this paragraph. In the case of information that the Monitor has been advised by the Applicants is confidential, the Monitor shall not provide such information to creditors unless otherwise directed by this Court or on such terms as the Monitor and the Applicants may agree.

25.     **THIS COURT ORDERS** that, in addition to the rights and protections afforded the Monitor under the CCAA or as an officer of this Court, the Monitor shall incur no liability or obligation as a result of its appointment or the carrying out of the provisions of this Order, save and except for any gross negligence or wilful misconduct on its part. Nothing in this Order shall derogate from the protections afforded the Monitor by the CCAA or any applicable legislation.

26.     **THIS COURT ORDERS** that the Monitor, counsel to the Monitor and counsel to the Applicants shall be paid their reasonable fees and disbursements, in each case at their standard rates and charges, whether incurred prior to, on, or subsequent, to the date of this Order by the Applicants as part of the costs of these proceedings. The Applicants are hereby authorized and directed to pay the accounts of the Monitor, counsel for the Monitor and counsel for the Applicants on a bi-weekly basis and, in addition, the Applicants are hereby authorized to pay to the Monitor, counsel to the Monitor, and Canadian and US counsel to the Applicants, retainers in the amounts of US $75,000, US $50,000, US $75,000 and US $75,000, respectively, to be held by them as security for payment of their respective fees and disbursements outstanding from time to time.

27.     **THIS COURT ORDERS** that the Monitor and its legal counsel shall pass their accounts from time to time, and for this purpose the accounts of the Monitor and its legal counsel are hereby referred to a judge of the Commercial List of the Ontario Superior Court of Justice.

28.     **THIS COURT ORDERS** that the Monitor, counsel to the Monitor, if any, and the Applicants' counsel shall be entitled to the benefit of and are hereby granted a charge (the "**Administration Charge**") on the Property, which charge shall not exceed an aggregate amount of US $275,000, as security for their professional fees and disbursements incurred at the standard rates and charges of the Monitor and such counsel, both before and after the making of this Order in respect of these proceedings.  The Administration Charge shall have the priority set out in paragraphs 35 and 37 hereof.

**DIP FINANCING**

29.     **THIS COURT ORDERS** that the Applicants and the Subsidiaries are hereby authorized and empowered to obtain and borrow under a credit facility from SCS Finance Inc. (the "**DIP Lender**") in order to finance the Applicants' and the Subsidiaries' working capital requirements and other general corporate purposes and capital expenditures, provided that borrowings under such credit facility shall not exceed US $1,100,000 (plus interest, fees, and expenses in accordance with the DIP Term Sheet (as defined below)) unless permitted by further Order of this Court.

30.     **THIS COURT ORDERS** that such credit facility shall be on the terms and subject to the conditions set forth in the DIP Term Sheet between the Applicants, the Subsidiaries and the DIP Lender dated as of July 26, 2023 (the "**DIP Term Sheet**"), filed.

31.     **THIS COURT ORDERS** that the Applicants and the Subsidiaries are hereby authorized and empowered to execute and deliver such credit agreements, mortgages, charges, hypothecs and security documents, guarantees and other definitive documents (collectively, the "**Definitive Documents**"), as are contemplated by the DIP Term Sheet or as may be reasonably required by the DIP Lender pursuant to the terms thereof, and the Applicants are hereby authorized and directed to pay and perform all of their indebtedness, interest, fees, liabilities and obligations to the DIP Lender under and pursuant to the DIP Term Sheet and the Definitive Documents as and when the same become due and are to be performed, notwithstanding any other provision of this Order.

32.     **THIS COURT ORDERS** that the DIP Lender shall be entitled to the benefit of and is hereby granted a charge (the "**DIP Lender's Charge**") on the Property and the Subsidiaries' current and future assets, undertakings and properties of every nature and kind whatsoever, and wherever situate including all proceeds thereof, which DIP Lender's Charge shall not secure an obligation that exists before this Order is made.  The DIP Lender's Charge shall have the priority set out in paragraphs 35 and 37 hereof.

33.     **THIS COURT ORDERS** that, notwithstanding any other provision of this Order:

(a)     the DIP Lender may take such steps from time to time as it may deem necessary or appropriate to file, register, record or perfect the DIP Lender's Charge or any of the Definitive Documents;

(b)     upon the occurrence of an event of default under the Definitive Documents or the DIP Lender's Charge, the DIP Lender, upon five (5) business days written notice to the Applicants and the Monitor, may exercise any and all of its rights and remedies

against the Applicants or the Property under or pursuant to the DIP Term Sheet, Definitive Documents and the DIP Lender's Charge, including without limitation, to cease making advances to the Applicants and set off and/or consolidate any amounts owing by the DIP Lender to the Applicants against the obligations of the Applicants to the DIP Lender under the DIP Term Sheet, the Definitive Documents or the DIP Lender's Charge, to make demand, accelerate payment and give other notices, or to apply to this Court for the appointment of a receiver, receiver and manager or interim receiver, or for a bankruptcy order against the Applicants and for the appointment of a trustee in bankruptcy of the Applicants; and

(c)     the foregoing rights and remedies of the DIP Lender shall be enforceable against any trustee in bankruptcy, interim receiver, receiver or receiver and manager of the Applicants or the Property.

34.     **THIS COURT ORDERS AND DECLARES** that the DIP Lender shall be treated as unaffected in any plan of arrangement or compromise filed by the Applicants under the CCAA, or any proposal filed by the Applicants under the *Bankruptcy and Insolvency Act* of Canada (the "**BIA**"), with respect to any advances made under the Definitive Documents.

**VALIDITY AND PRIORITY OF CHARGES CREATED BY THIS ORDER**

35.     **THIS COURT ORDERS** that the priorities of the Directors' Charge, the Administration Charge and the DIP Lender's Charge, as among them, shall be as follows:

First – Administration Charge (to the maximum amount of US $275,000);

Second – DIP Lender's Charge; and

Third – Directors' Charge (to the maximum amount of US $250,000).

36.     **THIS COURT ORDERS** that the filing, registration or perfection of the Directors'

Charge, the Administration Charge or the DIP Lender's Charge (collectively, the "**Charges**")

shall not be required, and that the Charges shall be valid and enforceable for all purposes,

including as against any right, title or interest filed, registered, recorded or perfected subsequent

to the Charges coming into existence, notwithstanding any such failure to file, register, record or

perfect.

37.     **THIS COURT ORDERS** that each of the Charges (all as constituted and defined herein)

shall constitute a charge on the Property and such Charges shall rank in priority to all other

security interests, trusts, liens, charges and encumbrances, claims of secured creditors, statutory

or otherwise (collectively, "**Encumbrances**") in favour of any Person.

38.     **THIS COURT ORDERS** that except as otherwise expressly provided for herein, or as

may be approved by this Court, the Applicants shall not grant any Encumbrances over any

Property that rank in priority to, or *pari passu* with, any of the Charges, unless the Applicants

also obtain the prior written consent of the Monitor, the DIP Lender and the beneficiaries of the

Charges, or further Order of this Court.

39.     **THIS COURT ORDERS** that the Directors' Charge, the Administration Charge, the

DIP Term Sheet, the Definitive Documents and the DIP Lender's Charge shall not be rendered

invalid or unenforceable and the rights and remedies of the chargees entitled to the benefit of the

Charges (collectively, the "**Chargees**") and/or the DIP Lender thereunder shall not otherwise be

limited or impaired in any way by (a) the pendency of these proceedings and the declarations of

insolvency made herein; (b) any application(s) for bankruptcy order(s) issued pursuant to BIA, or

any bankruptcy order made pursuant to such applications; (c) the filing of any assignments for the general benefit of creditors made pursuant to the BIA; (d) the provisions of any federal or provincial statutes; or (e) any negative covenants, prohibitions or other similar provisions with respect to borrowings, incurring debt or the creation of Encumbrances, contained in any existing loan documents, lease, sublease, offer to lease or other agreement (collectively, an "**Agreement**") which binds the Applicants, and notwithstanding any provision to the contrary in any Agreement:

(a)     neither the creation of the Charges nor the execution, delivery, perfection, registration or performance of the DIP Term Sheet or the Definitive Documents shall create or be deemed to constitute a breach by any of the Applicants of any Agreement to which it is a party;

(b)     none of the Chargees shall have any liability to any Person whatsoever as a result of any breach of any Agreement caused by or resulting from the Applicants entering into the DIP Term Sheet, the creation of the Charges, or the execution, delivery or performance of the Definitive Documents; and

(c)     the payments made by the Applicants pursuant to this Order, the DIP Term Sheet or the Definitive Documents, and the granting of the Charges, do not and will not constitute preferences, fraudulent conveyances, transfers at undervalue, oppressive conduct, or other challengeable or voidable transactions under any applicable law.

40.     **THIS COURT ORDERS** that any Charge created by this Order over leases of real property in Canada shall only be a Charge in the Applicants' interest in such real property leases.

**SERVICE AND NOTICE**

41.     **THIS COURT ORDERS** that the Monitor shall (i) without delay, publish in Globe & Mail a notice containing the information prescribed under the CCAA, (ii) within five (5) business days after the date of this Order, (A) make this Order publicly available in the manner prescribed under the CCAA, (B) send, in the prescribed manner, a notice to every known creditor who has a claim against any of the Applicants of more than $1000, and (C) prepare a list showing the names and addresses of those creditors and the estimated amounts of those claims, and make it publicly available in the prescribed manner, all in accordance with Section 23(1)(a) of the CCAA and the regulations made thereunder.

42.     **THIS COURT ORDERS** that the E-Service Protocol of the Commercial List (the "**Protocol**") is approved and adopted by reference herein and, in this proceeding, the service of documents made in accordance with the Protocol (which can be found on the Commercial List website at <ins>http://www.ontariocourts.ca/scj/practice/practice-directions/toronto/e-service-protocol/</ins>) shall be valid and effective service.  Subject to Rule 17.05 this Order shall constitute an order for substituted service pursuant to Rule 16.04 of the Rules of Civil Procedure. Subject to Rule 3.01(d) of the Rules of Civil Procedure and paragraph 21 of the Protocol, service of documents in accordance with the Protocol will be effective on transmission.  This Court further orders that a Case Website shall be established in accordance with the Protocol with the following URL: <ins>https://farbergroup.com/engagements/lighthouse-immersive/</ins>.

43.     **THIS COURT ORDERS** that if the service or distribution of documents in accordance with the Protocol is not practicable, the Applicants and the Monitor are at liberty to serve or distribute this Order, any other materials and orders in these proceedings, any notices or other correspondence, by forwarding true copies thereof by prepaid ordinary mail, courier, personal

delivery or facsimile transmission to the Applicants' creditors or other interested parties at their respective addresses as last shown on the records of the respective Applicants and that any such service or distribution by courier, personal delivery or facsimile transmission shall be deemed to be received on the next business day following the date of forwarding thereof, or if sent by ordinary mail, on the third business day after mailing.

**FOREIGN PROCEEDINGS AND FOREIGN REPRESENTATIVE**

44.     **THIS COURT ORDER THAT** Lighthouse Immersive Inc. be and is hereby authorized and empowered to act as a foreign representative (the "**Foreign Representative**") in respect of these proceedings for the purpose of having these proceedings recognized in a foreign jurisdiction.

45.     **THIS COURT ORDER THAT** the Foreign Representative be and is hereby authorized to apply for foreign recognition of these proceedings, as necessary or advisable, in any jurisdiction outside of Canada, including without limitation, the United States pursuant to Chapter 15 of Title 11 of the United States Code 11 U.S.C., § 101 – 1532**.**

**GENERAL**

46.     **THIS COURT ORDERS** that the Applicants or the Monitor may from time to time apply to this Court for advice and directions in the discharge of their powers and duties hereunder.

47.     **THIS COURT ORDERS** that nothing in this Order shall prevent the Monitor from acting as an interim receiver, a receiver, a receiver and manager, or a trustee in bankruptcy of the Applicants, the Business or the Property.

48.    **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada, the United States or elsewhere, to give effect to this Order and to assist the Applicants, the Monitor and their respective agents in carrying out the terms of this Order.  All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicants and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in any foreign proceeding, or to assist the Applicants and the Monitor and their respective agents in carrying out the terms of this Order.

49.    **THIS COURT ORDERS** that each of the Applicants and the Monitor be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order, and that the Applicants are authorized and empowered to act as a representative in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada.

50.    **THIS COURT ORDERS** that any interested party (including the Applicants and the Monitor) may apply to this Court to vary or amend this Order on not less than seven (7) days notice to any other party or parties likely to be affected by the order sought or upon such other notice, if any, as this Court may order.

51.    **THIS COURT ORDERS** that this Order and all of its provisions are effective as of 12:01 a.m. Eastern Standard/Daylight Time on the date of this Order.

52.     **THIS COURT ORDERS** that this Order is effective from the date that it is made and is

enforceable without any need for entry and filing.

Digitally signed by
Jessica Kimmel
Date: 2023.07.27
13:41:26 -04'00'

Schedule "A"
**Subsidiaries**

(a)     Lighthouse Immersive Las Vegas, LLC;

(b)     Lighthouse Immersive Denver, LLC;

(c)     Lighthouse Immersive Detroit, LLC;

(d)     Lighthouse Immersive Cleveland, LLC;

(e)     Lighthouse Immersive Columbus, LLC;

(f)     Lighthouse Immersive Nashville, LLC;

(g)     Lighthouse Immersive Kansas City, LLC;

(h)     Lighthouse Immersive San Antonio, LLC;

(i)     Lighthouse Immersive Madison, LLC; and

(j)     Lighthouse Immersive Orlando, LLC.

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c.C-36 AS AMENDED
AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF LIGHTHOUSE IMMERSIVE INC. et al.

Court File No.: »

|  |  |
|---|---|
|  | ***ONTARIO***<br>**SUPERIOR COURT OF JUSTICE -**<br>**COMMERCIAL LIST**<br><br>Proceeding commenced at TORONTO |
|  | **INITIAL ORDER**<br>**(DATED JULY 27, 2023)** |
|  | **MILLER THOMSON LLP**<br>Scotia Plaza<br>40 King Street West, Suite 5800<br>P.O. Box 1011<br>Toronto, ON Canada  M5H 3S1<br><br>**Kyla Mahar LSO#: 44182G**<br>kmahar@millerthomson.com<br>Tel: 416.597.4303<br><br>**Gina Rhodes LSO# 78849U**<br>grhodes@millerthomson.com<br>Tel: 416.597.4321<br><br>Lawyers for the Applicants |

DOCSTOR: 2847683\3



ONTARIO SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

## COUNSEL SLIP/ENDORSEMENT

**COURT FILE NO.:** CV-00703509-00CL        **DATE:** 27 July 2023

**NO. ON LIST:**

**TITLE OF PROCEEDING:**        IN THE MATTER OF A PLAN OF COMPROMISE OR
ARRANGEMENT OF LIGHTHOUSE IMMERSIVE INC. AND
LIGHTHOUSE IMMERSIVE USA, INC.

**BEFORE JUSTICE:**        KIMMEL

---

**PARTICIPANT INFORMATION**

**For Plaintiff, Applicant, Moving Party, Crown:**

| Name of Person Appearing | Name of Party | Contact Info |
|---|---|---|
| Kyla Mahar | Lawyer for the Applicants | kmahar@millerthomson.com |
| Gina Rhodes | Lawyer for the Applicants | grhodes@millerthomson.com |
| Patrick Corney | Lawyer for the Applicants | pcorney@millerthomson.com |

**For Defendant, Respondent, Responding Party, Defence:**

| Name of Person Appearing | Name of Party | Contact Info |
|---|---|---|
|  |  |  |
|  |  |  |

**For Other, Self-Represented:**

| Name of Person Appearing | Name of Party | Contact Info |
|---|---|---|
| Rebecca Kennedy | Lawyer for the Proposed Monitor | rkennedy@tgf.ca |
| Rachel Fielding | Lawyer for the Proposed Monitor | rfielding@tgf.ca |
| Hylton Levy | Monitor | hlevy@brileyfin.com |
| Allan Nackan | Monitor | anackan@brileyfin.com |
| Steven Weisz | Lawyer for the DIP Lender | sweisz@cozen.com |

**ENDORSEMENT OF JUSTICE KIMMEL:**

1. Lighthouse Immersive Inc. ("Lighthouse") and Lighthouse Immersive USA, Inc. (formerly Light House Immersive USA, Corp.) ("Lighthouse USA" and together with Lighthouse, the "Applicants"), seek an Initial Order (the "Initial Order") under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "CCAA").

2. The proposed form of Initial Order is consistent with the Commercial List Model Order.  I am satisfied that the requirements for the granting of this Initial Order have been met.   The order is appropriate to provide the applicants with the breathing room they need so that they can try to restore solvency and emerge from the CCAA on a going concern basis or "to protect the interest of creditors and to enable an orderly distribution of the debtor company's affairs, " and that the applicants have acted with diligence and in good faith.  The relief that has been sought on this initial attendance has been appropriately limited to the relief reasonably necessary for the debtor to continue to operate in the ordinary course until the comeback hearing, which has been scheduled for August 3, 2023 commencing at 10:00 a.m.

3. For the more detailed and supplementary reasons that will be provided in an endorsement to follow, the applicants' request for an initial order under the CCAA is granted. The order may be issued in the form signed by me today upon the assignment of a court file number.

*Kimmel J.*

KIMMEL J.